UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LAURA MICHELLE HEYWOOD,

        Plaintiff,

v.                         Civil Action No. 2:15cv195

VIRGINIA PENINSULA REGIONAL JAIL
AUTHORITY, and

ALEXANDER M. KOEHLER,

        Defendants.

## MAGISTRATE'S JUDGE'S REPORT AND RECOMMENDATION

The Defendant, Alexander M. Koehler ("Koehler"), by counsel, sought leave to file a late Answer after entry of default. (ECF No. 40). The court construed his motion as a request for relief for default under Rule 55(c) and ordered any party opposed to relief to file appropriate briefing. See (ECF No. 46). Plaintiff, Laura Michelle Heywood ("Heywood"), filed a brief opposing relief, noting that Koehler had three times failed to comply with extended deadlines, and asserted no meaningful defense in the pleadings which had been lodged. (ECF No. 47). Koehler did not respond to Heywood's objection, despite being given being given an express opportunity to do so. See (ECF No. 46). Accordingly, for the reasons set out below, this report recommends the court deny Koehler's motion (ECF No. 40) and proceed with trial as to the other defendants.

## I.   FACTUAL AND PROCEDURAL HISTORY

In May 2015, Heywood filed this suit to recover damages for an alleged rape that occurred while she was an inmate at Virginia Peninsula Regional Jail. Her Amended Complaint alleges fourteen counts against the Virginia Peninsula Regional Jail (VPRJ) and Koehler for violations of her Eighth Amendment right to be free from cruel and unusual punishment and for various torts allegedly committed by Koehler. Am. Compl. (ECF No. 33). According to the Amended Complaint, Heywood was incarcerated at the jail from February 2014 to August 2014. Id. ¶ 7. VPRJ "owns and/or operates" the Virginia Peninsula Regional Jail and employed Koehler as a jail officer. Id. ¶ 6. Heywood alleges that Koehler raped her while he was a corrections officer and Heywood was incarcerated at the Virginia Peninsula Regional Jail. Id. ¶¶ 11-14.

On or about July 28, 2014, Heywood filed an administrative complaint with VPRJ and participated in an investigation of the alleged rape. Id. ¶ 16. A grand jury later indicted Koehler and alleged that he had committed the crime of carnal knowledge of an inmate by a correction facility officer, in violation of Va. Code Ann. § 18.2-64.2. Id. ¶ 18.[1] In January 2015, Koehler

---

[1] Virginia Code § 18.2-64.2 provides:

> An accused is guilty of canal knowledge of an inmate . . . if he is an employee . . . a state or local correctional facility or

entered a guilty plea on the indictment, pursuant to a plea agreement. Id. Heywood then filed her original complaint in this court on May 5, 2015, seeking damages from both Koehler and VPRJ. See (ECF No. 1).

Koehler first requested leave to file late responsive pleadings on June 3, 2015, (ECF No. 12), which the court granted on June 4, 2015, (ECF No. 13). Despite the court granting leave for Koehler to file his responsive pleadings by June 16, 2015, no response was filed. As a result, on June 24, 2015, Heywood's counsel moved for default as to Koehler. (ECF No. 20). Two days later Koehler filed a second motion for leave to file late responsive pleadings. (ECF No. 22). The court directed briefing on the second request for extension (ECF No. 23) and on June 29, 2015, plaintiff withdrew her request for default (ECF No. 24). Thereafter, the court granted Koehler's second extension request and directed his response be filed by July 1, 2015. (ECF No. 25). Despite the court granting two extensions, Koehler did not file any responsive pleadings to the original Complaint by the July 1 deadline. On July 7, 2015, Heywood's counsel again moved the court for entry of default as to Koehler. (ECF No. 27). On

regional jail . . . ; is in a position of authority over the inmate . . . ; knows that the inmate . . . is under the jurisdiction of the state or local correctional facility, a regional jail . . . ; and carnally knows, without the use of force, threat or intimidation . . . an inmate who has been committed to jail or convicted and sentenced to confinement in a state or local correctional facility or regional jail . . . . Such offense is a Class 6 felony.

3

July 8, 2015, and without requesting leave of court, Koehler filed an untimely Answer to the original Complaint. (ECF No. 28). On July 9, 2015, Koehler filed a third motion for leave to file responsive pleadings. (ECF No. 30). Counsel appeared before the court at a motions hearing on July 20, 2015. At that hearing, the court granted plaintiff's request to amend her Complaint and granted Koehler's third motion for leave to file responsive pleadings and directed him to refile his late Answer as a new document on CM/ECF. (ECF No. 31). He failed to do so.

In addition, Koehler failed to timely file an Answer to the Amended Complaint, and on September 15, 2015, plaintiff again requested entry of default against him. (ECF No. 39). Accordingly default was entered against Koehler on September 18, 2015.

On October 2, 2015, approximately two weeks after entry of default against him, Koehler filed the pleading at issue here, which he entitled as a "Motion for Leave to File Responsive Pleading" with regard to the Amended Complaint. (ECF No. 40). Because Koehler was already in default, he may not proceed under Rule 15 and the court construed his pleading as a Motion to Set Aside Default under Rule 55(c). The court, by written order, directed any party opposing the motion to file their opposition within ten days from the date of this order. (ECF No. 46). In addition, the court's order stated that Koehler's reply to any

4

opposition would be due within ten days of the filing of the opposition. <u>Id.</u> Heywood timely filed her brief opposing relief on December 3, 2015. (ECF No. 47). Koehler's opposition was due no later than December 14, 2015. As of the date of this Report, Koehler has filed no opposition.

## II.  <u>RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Rule 55(c) of the Federal Rules of Civil Procedures permits the court to "set aside an entry of default for good cause" and the resolution of such motions is a matter which lies largely within the discretion of the trial judge. <u>Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.</u>, 383 F.2d 249, 251 (4th Cir. 1967). Although the decision is discretionary, the Fourth Circuit has provided several factors to guide the determination of whether good cause exists. Specifically, a court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006). These criteria are to be liberally construed to provide relief "from the onerous consequences of defaults and default judgments." <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has repeatedly

expressed a strong preference that "as a general matter defaults be avoided and that claims and defenses be disposed of on their merits." <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 417 (4th Cir. 2010).

Applying these factors to Koehler's present motion, and notwithstanding the Fourth Circuit's strong preference for resolution on the merits, the undersigned finds no good cause to set aside default. To begin with, as Heywood points out, Koehler has not proffered any meritorious defense. Indeed, he has failed to respond to Heywood's opposition in any fashion, and in his original motion for leave he did not assert any defense which he would be deprived from asserting on default. In the interest of liberal construction, the court has examined the original Answer that Koehler's attorney lodged in response to Heywood's original Complaint. In that unfiled document, Koehler admits that he pled guilty to violating the Virginia statute criminalizing carnal knowledge with an inmate by state or local correctional officers. <u>See</u> Plea Agreement (ECF No. 33-1).[2] Nevertheless, Koehler suggests that his interaction with Heywood was consensual. Answer, lodged as (ECF No. 28, at 11). Heywood vigorously denies consenting, and as her attorney points out,

---

[2] According to the record, Koehler pled guilty to the charge in the indictment, but his plea agreement permitted him to request a deferred finding. His late Answer, lodged at ECF No. 28, states that Koehler was eventually convicted of "Accessory After the Fact to a Felony," a violation of Virginia Code § 18.2-19, which is a misdemeanor.

6

prisoners cannot, in any legal sense, consent to sexual relations with corrections officers. (ECF No. 47, at 4) (citing Chapman v. Willis, 2013 WL 2322947 (W.D.Va. May 28, 2013)). With liberal construction, the burden of establishing a meritorious defense is not high. "The proffer of evidence must only be one 'which would permit a finding for the defaulting party or which would establish a valid counterclaim.'" Pinpoint IT Services, LLC v. Atlas IT Export Corp., 812 F. Supp. 2d 710, 724 (E.D. Va. 2010) (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)). Although the burden is not onerous, the defense must allege specific facts beyond simple denials or conclusory statements. Id. (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3rd Cir. 1984)).

Even considering the modest burden, Koehler has not made any showing of a meritorious defense. He has not filed any opposition to Heywood's objection, nor has he submitted any affidavits or even proffered additional evidence, other than the original untimely Answer which remains lodged but not filed. After examining that document, it appears to be no more than conclusory denials and in fact contains admissions, which would likely undermine Koehler's defense to the central allegation against him.

In addition to the lack of a meritorious defense, Koehler did not act with reasonable promptness. As set forth previously, the court extended the deadline for responsive pleadings numerous times. On each of these occasions, Koehler's attorney filed a request for relief after the expiration of the appropriate deadline. In one case, Heywood agreed to withdraw a properly filed motion for entry of default and allow the late filing, which was confirmed by an agreed order. Despite these extensive accommodations, Koehler did not answer.

Koehler's briefing on this latest request also fails to explain why these extended deadlines were not met. In support of the latest request for relief, counsel proffers that he (counsel) suffered an injury in late August, which required "complete bed rest" and left him unable to access the court's electronic filing system. Mot. for Leave (ECF No. 40, at 1). But the request, filed in October, also affirmatively states that counsel has "sufficiently recovered and is able to proceed." Id. As a result, the present record provides no explanation for Koehler's original failure to file a timely Answer, or for his recent failure to oppose Heywood's briefing on this motion. Related to this factor is a requirement that the court examine any history of dilatory action. As the docket and the court's prior orders make clear, the default entered in this case followed Koehler's failure to timely respond despite

three previous court-ordered extensions, and express direction in open court.

Finally, it is not evident from the record what responsibility Koehler bears for the delayed briefing. It appears that at least some of the delay is attributed to his attorney and various health and family emergencies which have been described in his prior requests for extension. It bears mention, however, that counsel only recently filed a Motion for Leave to Withdraw (not yet ripe) alleging his client's failure to cooperate is hampering the defense. (ECF No. 48, at 1).

The final factor, the availability of alternative sanctions, does not meaningfully inform the court's analysis. No party has offered any alternative sanctions, such as reimbursing the plaintiff for the costs associated with various pleadings caused by the delay. In the absence of the suggestion that alternative sanctions would suffice, this factor does not move the court to grant or deny relief.

After considering all of the foregoing and despite the Fourth Circuit's preference for resolution on the merits, the undersigned cannot find good cause to relieve Koehler's default. This case was originally filed May 5, 2015. It has been pending eight months, and Koehler has still not filed any pleading responsive to the Amended Complaint. The one document he did file was untimely, lodged subject to defect, and contains no

more than conclusory details.   At a hearing resolving one of Koehler's earlier requests for extension, the court specifically directed that the document be refiled.   It was not.   In addition, the court specifically directed an answer to the Amended Complaint, which Koehler also failed to file.   Moreover, the lodged pleading, which the court has examined, suggests that Koehler will not be deprived of any meaningful meritorious defense.   He has acknowledged the substance of the allegations by pleading guilty pursuant to a plea agreement, and by affirmatively alleging in the documents lodged with the court that he and Heywood had "consensual relations."   (ECF No. 28, at 11).   Moreover, despite being given an express opportunity to assert any meritorious defenses or other basis to establish good cause in response to the present motion, Koehler has again failed to respond, leaving the allegations in Heywood's opposition to relief from default unrebutted.

### III. <u>RECOMMENDATION</u>

Under these circumstances, Koehler has not established good cause to set aside default, and the undersigned RECOMMENDS that the court DENY Koehler's motion (ECF No. 40) and DIRECT the parties to proceed to trial, with Koehler subject to the consequences attending his default.   <u>See</u> Fed. R. Civ. P. 8(b)(6).

## IV.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.   A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

January 19, 2016